**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO LIMON, | ) | FILED: AUGUST 09, 2008 |
| | ) | 08CV4516 |
| Plaintiff, | ) | JUDGE DOW |
| | ) No. | MAGISTRATE JUDGE SCHENKIER |
| vs. | ) | |
| | ) | |
| B.I.G. LIMITED, | ) | |
| | ) | TC |
| Defendant. | ) | |

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, SERGIO LIMON ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, B.I.G. LIMITED, allege and affirmatively state as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, bring this action to challenge the actions of B.I.G. LIMITED (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Cicero, County of Cook, State of Illinois and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Reno, County of Washoe, State of Nevada.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt

12.     Defendant continuously threatened Plaintiff with legal action, including filing a lawsuit.

13.     As of yet, no such lawsuit has been filed against Plaintiff.

14.     Defendant continued contacting and demanding payment from Plaintiff by placing an excessive amount of collection calls, calling (10) ten times a week.

15.     Defendant used misleading representations in its communications by threatening to garnish Plaintiff's wages.

16.     Defendant made abusive and offensive statements when addressing Plaintiff on the telephone forcibly stating, "You owe me, pay me my money."

17.     Defendant began placing collection calls at Plaintiff's work.

18.     Plaintiff repeatedly explained to Defendant he could not receive collection calls in his office.

19.     Defendant failed to adhere to Plaintiff's request as Defendant continued to place collection calls to Plaintiff and his colleagues at work. (See Exhibit A).

20.     On August 5, 2008, Plaintiff retained KROHN & MOSS, LTD., to be his legal representation in the present matter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

22. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated the FDCPA § 1692c(a)(3) when Defendant, through its agents, employees, and or legal counsel contacted Plaintiff and his co-workers regarding the alleged debt after a request made by Plaintiff not to do so.

b). Defendant violated the FDCPA § 1692c(b) when Defendant, through its agents, employees, and or legal counsel continuously placed collection calls to third parties.

c). Defendant violated the FDCPA § 1692d(2) when Defendant, through its agents, employees and or legal counsel, used abusive and offensive language when addressing Plaintiff.

d). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents, employees, and or legal counsel excessively placed more calls than necessary to put Plaintiff on notice.

e). Defendant violated the FDCPA § 1692e(4) when Defendant, through its agents, employees, and or legal counsel used misleading representations in its communications by threatening to garnish Plaintiff's wages.

f). Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents, employees, and or legal counsel, threatened Plaintiff with a lawsuit that was never filed.

23. As a consequence of Defendant's foregoing actions, Plaintiffs has suffered from

stress, anxiety, and humiliation. (See Exhibit B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Declaratory judgment that the Defendant's conduct violated the FDCPA.

25. Actual damages.

26. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

27. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

28. Any other relief that this court deems to be just and proper.

                    RESPECTFULLY SUBMITTED,

                    By:_____/s/ Gregory H. Moss_____
                    [ ]Greg Moss; [ ] Scott Cohen; [ ]Adam Krohn;
                    [ ]Matthew Kiverts
                    Attorneys for Plaintiff
                    Krohn & Moss, Ltd.
                    5055 Wilshire Blvd., Suite 300
                    Los Angeles, CA 90036

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SERGIO LIMON, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, SERGIO LIMON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SERGIO LIMON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 08-06-08

SERGIO LIMON,
Plaintiff

# **EXHIBIT A**

file:///G|/All%20Files-FDC/Open%20Files/Limon,%20Sergio%20v.%20B.I.G...ited/Prelitigation%20Investigation/Letter%20from%20Third%20Party.txt

Case 1:08-cv-04516   Document 1   Filed 08/09/2008   Page 8 of 10

From: anthony_allen@grayhill.com
Sent: Tuesday, August 05, 2008 12:07 PM
To: Davis, Andrew
Subject: Sergio Limon

To whom this may concern.


I have received numerous amounts of calls from some people who request matters with Sergio. They have asked for me by name and I have requested that they take there matter up with Sergio outside of GRAYHILL.

Thank you
Anthony Allen


No virus found in this incoming message.
Checked by AVG.
Version: 7.5.526 / Virus Database: 270.5.12/1591 - Release Date: 8/4/2008 7:23 PM

**EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — YES NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — YES NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Due to the heavy call volume and repeated Request by has Limited to Speak to my Manager at work I Fear Losing my Job because my Manager has become irritated with their phone calls an unwillingness to Stop harrassing me/us at work.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 08-06-08

Signed Name

SERGIO LIMON
Printed Name